UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MALCICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:22-CV-01235-SPM |
| PATB LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Stay the Litigation. (Doc. 12). This case arises from Defendant's alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA"). In the Complaint, Plaintiff David Malcich, who uses a wheelchair and is individual with disabilities as defined by the ADA, alleges several violations of the ADA at a commercial property owned and operated by Defendant PATB LLC. Plaintiff seeks injunctive relief. The Complaint was filed on November 18, 2022; Defendant was served on December 16, 2022; and Defendant filed its Answer on December 25, 2023. Defendant filed the instant motion to stay on January 24, 2023; and Plaintiff filed his Response in Opposition on February 7, 2023.

In the Motion to Stay, which is supported by an affidavit from one of Defendant's owners, Defendant states that Plaintiff did not attempt to bring the purported ADA violations to Defendant's attention before filing this litigation, that each of the conditions identified in the Complaint has been improved or is in the process of being improved, and that Defendant anticipates that the property will be brought to the standards sought by Plaintiff by March 15, 2023. Defendant argues that the dispute will soon be rendered moot and that there is no sense in incurring

litigation expenses when Defendant is voluntarily completing the substantive remedies requested. It argues that a stay of 60 days is necessary in order to conserve judicial resources, attorneys' fees, and costs. Defendant notes that judges in two other ADA cases in this district have recently granted similar stays. *See Malcich v. Energy Mktg. 1224, LLC*, No. 4:21-CV-1321 RLW, 2022 WL 2304037, at *2 (E.D. Mo. June 27, 2022) (granting the defendant's motion for a 90-day stay to remedy alleged violations; stating that the stay "gives the parties a chance to resolve this matter without accumulating excessive attorney's fees and costs" and stating that "[i]f Defendant's remedial measures are insufficient to resolve this matter, the case can and will move forward"); *Malcich v. Lion Petroleum, Inc.*, No. 4:22-CV-326-CDP, ECF No. 15 (E.D. Mo. May 3, 2022) (granting the defendant's motion for a 90-day stay where the defendant had remediated most of the alleged violations and was in the process of remediating the others, stating, "Malcich's position that full discovery must proceed immediately does not comply with the requirement that discovery be proportional to the needs of the case, at least at this stage of the proceedings.").

Plaintiff opposes the motion for stay, arguing that Defendant's representations in its motion that it is willing to bring its property into compliance with the ADA contradicts Defendant's denials (in its Answer) that there are ADA violations at the property. Plaintiff argues that the time for conserving attorney's fees and costs was the 30 years since the ADA went into effect and before Defendant's inaction prompted Plaintiff to seek injunctive relief. To support its opposition, Plaintiff relies primarily on one ADA case from another district in which a defendant moved for a stay on the same day that the plaintiff filed a motion for summary judgment, and the court denied the motion because "Defendant had not acted in a timely fashion so as to justify a stay or an extension of discovery." *See Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 975 F. Supp.

2d 1374 (N.D. Ga. 2013).[1] In the alternative, Plaintiff requests that if the Court is inclined to grant the motion to stay, the stay should last only 30 days, not 60 days.

A district court has "broad discretion to stay proceedings when appropriate to control [its] docket." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citing *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)). "In considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 WL 6777873, at *4 (E.D. Mo. Nov. 4, 2015). After considering the relevant factors, the Court finds that a stay is appropriate in this case. In light of Defendant's representations that it plans to the property to the standards sought by Plaintiff by mid-March, the Court finds that staying this litigation for a short period of time would conserve the parties' and the Court's resources and would promote "the interests of securing the 'just, speedy, and inexpensive determination' of this action." *See Lion Petroleum, Inc.*, 4:22-CV-326-CDP, ECF No. 15, at 2 (quoting Fed. R. Civ. P. 1). The Court also finds that Plaintiff would suffer little or no prejudice from a short stay. If Defendant remedies all of the alleged the violations within 60 days, Plaintiff will have obtained the relief he seeks. If Defendant does not remedy the alleged violations within 60 days, the case will move forward. The Court also notes that unlike *Gaylor*, the case relied on by Plaintiff, this case is in its earliest stages, and there is nothing to suggest that Defendant has not acted in a timely fashion in attempting to remedy the alleged violations or in seeking a stay.

For all of the above reasons, the Court will stay this case for sixty days. Accordingly,

---

[1] Plaintiff also cites two non-ADA cases; the Court finds these to be so factually and legally dissimilar that they are not helpful. *See Griffith v. Jennings*, No. 4:18-CV-01658 AGF (E.D. Mo. Mar. 27, 2019) (denying habeas petitioner's motion to stay proceedings or for an extension of time to supplement his petition); *Scott v. Citifinancial Mtg. Co.*, No. 4:06-CV-00437 ERW (E.D. Mo. Jul. 11, 2007) (lifting previously-granted stay that was entered to allow completion of arbitration).

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay the Litigation. (Doc. 12) is **GRANTED**. All proceedings in this case shall be **STAYED** until **Monday, April 10, 2023**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report no later than **Monday, April 10, 2023**. The Joint Status Report must include the following information:

1. The alleged violations that Defendant has already remediated,
2. The alleged violations that Defendant plans to remediate,
3. The alleged violations that Defendant has not remediated nor plans to remediate,
4. Efforts by Plaintiff to verify that Defendant has made the claimed remediations, and
5. The parties' positions on how the case should proceed.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of February, 2023.